FILED
AUG 2 - 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

U. S. DISTRICT COURT - DE
MISC. CASE # 05-154

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ADDISON EXPRESS, LLC** | ] |
| Plaintiff, | ] |
| v. | ] CIVIL ACTION |
| | ] NO. 3 04CV1954-H* |
| **MEDWAY AIR AMBULANCE, INC.** | ] *(Pending in the United States District |
| | ] Court for the Northern District of Texas, |
| Defendant. | ] Dallas Division) |

### OBJECTION AND MOTION TO QUASH SUBPOENA

COMES NOW, Med Air, LLC ("Med Air"), by and through the undersigned counsel, and files this Objection and Motion to Quash Subpoena pursuant to FED. R. CIV. PROC. 45, showing this honorable Court the following:

### FACTUAL BACKGROUND

On or about July 21, 2005, Med Air was served with a Subpoena Duces Tecem ("Subpoena") issued by this Court requiring it to produce and permit inspection and copying of certain documents or objects on or before 10:00 a.m. on August 1, 2005. A copy of the subpoena is attached as Exhibit "A". The Subpoena seeks production of certain documents from Med Air, including but not limited to any and all documents relating to the formation, organization and ownership of Med Air, and any and all documents relating to Med Air's ownership of certain aircraft. See Exhibit A. Med Air objects to the Subpoena on the following grounds:

1. The records sought in the Subpoena are confidential, privileged, and otherwise protected from discovery;

2. The records sought in the Subpoena are neither relevant to the present action nor likely to lead to the discovery of admissible evidence;

3. The Subpoena served upon Med Air is unreasonable, oppressive, unduly broad and over burdensome; and

4. The Subpoena requires disclosure of highly confidential commercial information without any showing of need and without any adequate protective order. Any protective order in existence cannot adequately protect Med Air since it is not a party to this action.

Pursuant to FED. R. CIV. PROC. 45, Med Air objects to the Subpoena and moves this Court to quash the Subpoena, thus relieving Med Air from its obligation to comply with the Subpoena and from producing the documents sought in the Subpoena.

## ARGUMENT AND CITATION OF AUTHORITY

This matter is governed by FED. R. CIV. PROC. 45. According to FED. R. CIV. PROC. 45 (c)(3)(A), "the court by which a subpoena was issued shall quash or modify the subpoena if it...requires disclosure of privileged or other protected matter...subjects a person to undue burden...or requires disclosure of a trade secret or other confidential research, development, or commercial information." Pursuant to the Subpoena, Plaintiff seeks to have Med Air produce any and all documents relating to the formation, organization and ownership of Med Air and any and all documents relating to Med Air's ownership of certain aircraft. Med Air objects to Plaintiff's request and moves this Court to quash the Subpoena four reasons. First, the Subpoena seeks documents which are confidential and privileged. Second, the Subpoena is overly broad and seeks documents that are neither relevant to the present action nor likely to lead to the

discovery of admissible evidence. Third, the Subpoena is unreasonable, oppressive, and unduly burdensome. Finally, the Subpoena requires disclosure of highly confidential commercial information without any showing of need and without any adequate protective order.

A court has inherent power and authority to modify or even quash a subpoena issued to a prospective witness if in the court's opinion, such is required to protect the witness from annoyance, embarrassment, or oppression. See Broome v. Simon, 255 F. Supp. 434 (D. La. 1966); see also, Hecht v. Pro-Football, Inc., 46 F.R.D. 605 (D.D.C. 1969) (holding that the Court has inherent power to protect anyone from oppressive use of process, even if no oppression is actually intended). "[E]ven if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." Mannington Mills, Inc. v. Armstrong World Industries, Inc. 206 F.R.D. 525, 529 (D. Del. 2002) (holding that where non-party moving to quash subpoena has shown that information sought is confidential and that its disclosure might be harmful, burden shifts to party seeking discovery to establish that disclosure of confidential information is relevant and necessary to its case).

"Whether a subpoena imposes an undue burden…is a case specific inquiry that turns on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc., 211 F.R.D. 658, 662 -663 (D. Kan. 2003) (citations omitted). In determining whether to require the production of documents, courts must "balance the need for discovery against the burden imposed on the person ordered to produce documents." Id.; see also

Mannington Mills, Inc., 206 F.R.D. at 529 (courts apply a balancing test to determine whether the need of the party seeking disclosure outweighs the adverse affect disclosure would have on the policies underlying the claimed privilege). "[T]he status of a person as a non-party is a factor that weighs against disclosure." Goodyear Tire & Rubber Co., 211 F.R.D. at 662 -663 (citations omitted). Furthermore, "[d]emonstrating relevance is the burden of the party seeking discovery." Id.; see also In re Zuckert, 28 F.R.D. 29 (D.D.C. 1961), *affirmed in part* 316 F.2d 336 (D.C. Cir. 1963), *certiorari denied* 375 U.S. 896 (1963) (where a witness who has been subpoenaed files a motion to quash the subpoena on ground that it is unreasonable and oppressive, criteria to be used in ruling on such motion involves balancing of need of the plaintiff for inspection with harm and embarrassment which would result to the witness if the subpoena were allowed to stand and the document produced).

In the case *sub judice,* the request poses an undue burden and seeks documents that are not relevant to the present action. The Plaintiff is on a pointless fishing expedition and Med Air should not be forced to suffer the consequences of its undertaking. The Plaintiff is merely trying to burden Med Air in the hopes of finding an inter-corporate relationship between Med Air and Medway Air Ambulance, Inc. However, where a subpoena is intended to expose an inter-corporate relationship, and no good cause appears for its production, it should be denied. See Anderson v. British Overseas Airways Corp, 149 F. Supp. 68 (D.C.N.Y. 1956) (holding that a subpoena duces tecum, in so far as it concerned information intended to elucidate inter-corporate relationship, would be denied where it was burdensome in its detail, and under circumstances showing that no additional evidence could affect conclusion that separation between parent and subsidiary was not fictitious, no good cause appeared for production).

Furthermore, the request seeks private financial records and confidential proprietary information of an entity that is not a party to this action. Even if Med Air and the Defendant are somehow related, "[t]he right of privacy and the right to keep confidential one's financial affairs is well recognized." See Hecht, 46 F.R.D. at 607. Even if the information may not be privileged in the legal sense, it still may be oppressive or unreasonable to require its disclosure. See Id. As was the situation in Mannington Mills, Inc., where the Delaware District Court granted the non-party's motion to quash, the documents requested in this case "are substantial." See Mannington Mills, Inc., 206 F.R.D. at 532. The Subpoena essentially asks for every document relating to Med Air, the vast majority of which are not discoverable. Despite the fact that Med Air is not even a party to this litigation, the Plaintiff seeks to review the most sensitive documents it might possess. This Subpoena is overly burdensome, broad, and oppressive and is precisely the type of discovery abuse protected by FED. R. CIV. PROC. 45 (c) (3). The confidential information that Plaintiff seeks to obtain is sensitive and constitutes an unreasonable intrusion into Med Air's privacy.

In this case, it is oppressive and unreasonable to require Med Air to disclose the requested information. Unless Plaintiff establishes proof of either relevance or need, discovery should be denied. See Mannington Mills, Inc., 206 F.R.D. at 532. Here, the potential hardship in responding to the subpoena clearly outweighs any tangential need for this information. See Id. While it is understood that "[d]iscovery is in the interest of justice," it is not "unbridled" or "unlimited." Hecht, 46 F.R.D. at 607. "There must be restrictions to protect individuals in their natural privacy." Id.

For the foregoing reasons, Med Air objects to the inspection or copying of the requested documents and prays that its Objection and Motion to Quash Subpoena be granted.

This ____ day of July, 2005.

Respectfully submitted,

**J. MICHAEL McGARITY**
Georgia State Bar #91425
Anderson Tate Mahaffey & McGarity
1505 Lakes Pkwy, Suite 100
Lawrenceville, GA 30043
(770) 822-0900

**GAYLE E. OLER**
Texas State Bar #15254000
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
(214) 522-7282; (214) 559-3124 FAX

**ATTORNEYS FOR MED AIR, LLC**

JUL-25-2005 16:43 FROM:MEDWAY AIR AMBULANCE 7709423325 770-513-8150 P.2
Jul 25 05 03:52p law offices 770-513-8150 p.2
Case 1:05-mc-00154-KAJ Document 2 Filed 08/02/2005 Page 7 of 11

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

Addison Express, LLC
V.
Medway Air Ambulance, Inc.

**RECEIVED**
JUL 21 2005
Agents & Corporations, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:04-CV-1954-H
(Pending in the United States District Court for the Northern District of Texas, Dallas Division)

TO: Med Air, LLC
1201 Orange Street, Suite 600
One Commerce Center
Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Duces Tecum

| PLACE Med Air, LLC<br>1201 Orange Street, Suite 600, One Commerce Center<br>Wilmington, DE 19801 | DATE AND TIME<br>August 1, 2005 @ 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Gregory W. Carbny, Attorney for Plaintiff, Addison Express, LLC | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Cowles & Thompson, PC. (214) 672-2000
901 Main Street, Suite 4000
Dallas, TX 75202-3793

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

**EXHIBIT A**

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DUCES TECUM

1. Please produce any and all documents relating to the formation, organization and ownership of Med Air, LLC, including but not limited to the company's Certification of Incorporation, minutes of meetings, Operating Agreement, Bylaws, and Articles of Incorporation.

2. Please produce any and all documents relating to Med Air, LLC's acquisition and ownership of the following aircraft:

    Beech Model 200, serial no. BB83, FAA registration no. 283QA

    Learjet Model 35A, serial no. 260, FAA registration no. N40PK

    Learjet Model 25D, serial no. 279, FAA registration no. N81AX

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADDISON EXPRESS, LLC ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CIVIL ACTION |
| ] | NO. 3 04CV1954-H* |
| MEDWAY AIR AMBULANCE, INC. ] | *(Pending in the United States District |
| ] | Court for the Northern District of Texas, |
| Defendant. ] | Dallas Division) |
| ] | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing OBJECTION **AND MOTION TO QUASH** upon opposing parties in the foregoing case by faxing a copy of this document to Gregory W. Carboy, attorney for Addison Express, L.L.C., at (214) 672-2020 on July 29, 2005, and by placing same in an envelope with adequate First Class postage affixed to:

Gregory W. Carboy, Esq.
Cowles & Thompson
901 Main St., Suite 4000
Dallas, Texas 75202-3793

This ___ day of July, 2005.

Respectfully submitted,

J. MICHAEL McGARITY
Georgia State Bar #91425
Anderson Tate Mahaffey & McGarity
1505 Lakes Pkwy, Suite 100
Lawrenceville, GA 30043

7

(770) 822-0900

**GAYLE E. OLER**
Texas State Bar #15254000
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
(214) 522-7282; (214) 559-3124 FAX

**ATTORNEYS FOR MED AIR, LLC**

8