IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



| | | |
|---|---|---|
| ADDISON EXPRESS, LLC | § | |
| | § | |
| VS. | § | MISC. ACTION |
| | § | NO. 05-154 KAJ |
| MEDWAY AIR AMBULANCE, INC. | § | |

PLAINTIFF ADDISON EXPRESS, LLC'S RESPONSE TO
MED-AIR, LLC's OBJECTION
AND MOTION TO QUASH SUBPOENA

COMES NOW, Addison Express, LLC, and files this its response to Med-Air, LLC's Original and Amended Objection and Motion to Quash Subpoena and would respectfully show the Court the following:

### I.
### RELEVANT BACKGROUND

Addison Express, LLC ("ADEX") has sued Medway Air Ambulance, Inc. ("Medway") in the United States District Court for the Northern District of Texas, Dallas Division, Civil Action No. 3:04CV 1954-H to recover monies owed and damages incurred relative to Medway's breach of a lease agreement between the parties for a model 35 Learjet aircraft. The action was filed on September 3, 2004 and is set for trial during the first three weeks of November 2005. The Texas District Court is currently considering ADEX's motion for partial summary judgment which addresses approximately 95 percent of the damages sought in the case. ADEX anticipates the Court's ruling on its motion within the next two to three weeks.

The Scheduling Order for the Texas action established August 8, 2005 as the discovery deadline. ADEX, in accordance with FED. R. CIV. P. 45, on July 20, 2005 issued a subpoena duces tecum through this Court commanding Med-Air, LLC ("Med-Air"), a Delaware Limited

Liability Company, to produce documentation on August 1, 2005 pertaining to its formation and its acquisition of three aircraft from Medway. Med-Air was properly served with the subpoena duces tecum through its registered agent located in Delaware on July 22, 2005. ADEX sought the information from Med-Air because:(1) it is owned by Rick Moore who is also the President and co-owner of Medway, and (2) it was formed on September 10th, 2004, seven days after filing of the Texas action. ADEX contends that Mr. Moore created Med-Air and transferred Medway assets to the new entity subsequent to initiation of the Texas action in order to prevent ADEX from levying against those assets in the event ADEX recovers from Medway. ADEX further contends that the information sought is relevant to Medway's intent and motive when it attempted to terminate the aircraft lease which is the subject of the Texas action.[1]

On July 29, 2005, Med-Air filed an Objection and Motion to Quash Subpoena in the Texas action and mailed an identical Motion to this Court for filing as a miscellaneous action. On August 1, 2005, Med-Air through its Delaware agent, responded to the subpoena by producing 27 pages of documentation pertaining to Med-Air, LLC's formation; however, no information was produced pertaining to Med-Air's acquisition of the aircraft. At a hearing before Magistrate Judge Ramirez in Dallas on August 2, 2005, Med-Air agreed to withdraw its Objection and Motion in the Texas action since the subpoena was issued through the Delaware District Court. On August 2, 2005, Med-Air's Objection and Motion to Quash was filed in the Delaware District Court initiating this Miscellaneous Action. Med-Air subsequently amended its Objection on August 12, 2005.

---

[1] Medway attempted to terminate the aircraft lease by written notice to ADEX on August 31, 2004.

## II.
## RESPONSE

### 1. Med-Air has Failed to Satisfy its Burden

The subpoena duces tecum served on Med-Air seeks information pertaining its formation and its acquisition of three aircraft. Med-Air has objected, in part, generally alleging that the subpoena seeks privileged and highly proprietary and confidential information. When seeking a motion to quash on such grounds, the movant has the burden of providing specific proof and competent evidence that that the disclosure of the information would be harmful. *Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc.*, No. 98-0080-SLR, 2004 U.S. Dist. LEXIS 670, at *6 (D. Del. Jan. 13, 2004); *Cash Today of Texas, Inc. v. Greenberg*, No. 02-MC-77-GMS, 2002 U.S. Dist. LEXIS 20694, at *6 (D. Del. Oct. 23, 2002).

Med-Air, LLC has submitted no evidence in support of its claim that the information sought is privileged, proprietary and/or confidential and/or that the disclosure of such information would harm Med-Air. Med-Air has failed to satisfy its burden to support its objection. Med-Air's objection on these grounds therefore should be overruled

### 2. Med-Air, LLC Waived its Objections Regarding the Formation of the Company

On August 1, 2005, Med-Air's agent produced 27 pages of records pertaining to the formation of the company. At the time of the production, Med-Air was well aware that the subpoena duces tecum commanded production of the documents on August 1, 2005. Nevertheless, it permitted its agent to produce the records on August 1, 2005. Med-Air's conduct in permitting the production of document pertaining to the company's formation constitutes a waiver of its objections with respect to such documents.

3. **The Subpoena Seeks Relevant Information and is Not Unreasonable or Oppressive**

It is apparent from the face of the subpoena duces tecum that it is not unreasonable in scope or time. The subpoena permitted 10 days to produce two specific categories of documents, one of which was apparently produced. The outstanding documents that have yet to have been produced seek transactional documents for the acquisition of three aircraft. Such documents should include a bill of sale, purchase agreement, evidence of consideration paid and registration filing with the Federal Aviation Administration. Four documents for each aircraft - twelve documents in all. It stretches the imagination that the production of twelve documents within tens days would constitute a burden to Med-Air, especially when it is represented by the same counsel as Medway.[2] Med-Air's objection on this ground is frivolous and should be overruled.

Finally, as discussed herein, ADEX seeks information regarding the acquisition of the three aircraft on the grounds that it is relevant to the Medway's intent and motive when attempting to terminate its lease with ADEX. Further, the information is relevant as to whether Medway has fraudulently transferred assets to a related entity in order to avoid its obligations to ADEX. Accordingly, Med-Air's objection on the grounds of relevancy should be overruled.

**WHEREFORE, PREMISES CONSIDERED,** ADEX prays that Med-Air's Objection to the subpoena duces tecum be overruled and that its Motion to Quash be denied and for such other and further relief at law, or in equity, to which it may show itself justly entitled.

---

[2] Mssrs. McGarity and Oler are counsel of record fro Medway in the Texas action.

Respectfully submitted,

_____
**GREGORY W. CARBOY** 
Texas Bar No. 00783788
**JOSH T. WESTROM**
Texas Bar No. 24033448

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on the 30th day of September, 2005, a true and correct copy of the foregoing was forwarded via certified mail, return receipt requested, to the following counsel of record for Defendant:

Gayle E. Oler
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204

J. Michael McGarity
Andersen Tate Mahaffey & McGarity
1505 Lakes Parkway, Suite 100
Lawrenceville, GA 30043

_____
Gregory W. Carboy